## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**DEANDRE HOPSON**                                                                           **PLAINTIFF**

**v.**                                                                  **CIVIL ACTION NO. 3:12CV-772-H**

**DAVID WEINBURG** *et al.*                                                              **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff DeAndre Hopson filed a *pro se* complaint.[1]  Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2).  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons that follow, the complaint will be dismissed.

### I.

Plaintiff filed his complaint on a general complaint form.  As grounds for filing this case in federal court, Plaintiff writes:

> Terrorist Activity under 50 USC 1811, 1829 & 1844, Attorney General must Authorize without the prior approval of the FISA court, electronic survelliance physical searches, or the use of Terrorism Defines Agent of power From Foreign power, when a person or people engage into clandestine cells, gathering activities on Behalf of Fereign groups or powers and is ingage into committing a Federal law as activites threating national sucurites where even theres no Federal Activites.

In the caption of the complaint, he also mentions, "Discrimanation 1964 Act Civil Rights" and "Whistle Blower Act retaliation is a crime."

In the caption of the complaint, Plaintiff lists the following Defendants:  (1) David Weinburg; (2) Weinburg Attorney at Laws; (3) "Federal Judge Simpson III"; (4) Weinburg Foundation; (5) Susan Gibson; (6) Adam Solinger; (7) U of L Hospital; (8) Scott Miller;

---

[1] The Court advises that this is one of approximately twenty cases that Plaintiff has filed in this Court since May 2012 with the majority of cases being filed since November 2012.  Many of his cases contain the same Defendants and assert similar and overlapping allegations.

(9) Jewish Hospital; (10) Dana Colten; (11) Frank Mcscagni; (12) John Blavinivich; (13) Benny Berry; (14) Brian Harbrecht; (15) Daniel O'Brein; (16) Ruth Spencer; and (17) Charlie Cunnigham. In the parties section of the complaint form, Plaintiff additionally lists the following as Defendants: (18) "All Kentucky, Federal Judges"; and (19) Baptist East.

As his statement of claims, Plaintiff alleges:

All of these Defendencts are From jewish Foundation and Beliefs Building Giant Clandestine Cell around me, to Blood Sacrafice me to. Have these womans not to tell about her getting money, From Bogus claim of mine, From Kentucky Farm Bureau Hooked up wit Adam Solinger then getting pregnant, then trying to take over my Buisness of Christain make up, then useing Weinburgs world wide web of Attorneys, really a po[n]zi scheme or Pyramid, to set up David Patrieus our U.S. General to expose How weak or goverment is. These is the U.S. Warning to Be Alert cause After these Federal Extortion they Done to me the just terrorized Kentucky Judges and our Attorney General to expose our Army of U.S.A, setting him up wit Jill Another person connected to his Buisness in Floridia. All people Judgeing me or Jews, Depriveing my Rights and Liberty And stole my girl, got her pregnant and state aint Doing nothing; Intimadated and can't even call up the troops To Protect our citizen. What's wrong wit ya [illegible] Then they turned around and [illegible] up Kentucky to Build these new Bridge wit the [illegible] company. Fundeing For another terrorist attack As Weinburgs is Intimadateing Kentuck expoiting they weakness in High [illegible].

Plaintiff left the relief section of the complaint form blank.

## II.

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to

state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

As a preliminary matter, under 28 U.S.C. § 455(b)(5)(i) a judge shall disqualify himself if he is a party to the proceeding. In the caption, Plaintiff lists one federal judge by name – "Federal Judge Simpson III." Elsewhere in the complaint, he merely lists "All Kentucky, Federal Judges" as Defendants. Because Plaintiff does not specifically name the undersigned as a Defendant,[2] recusal is not warranted in this case. *See Easley v. Univ. of Mich. Bd. of Regents*,

---

[2]Further, under Rule 10(a) of the Federal Rules of Civil Procedure, "Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. *The title of the complaint must name all the parties;. . . .*" (emphasis added). Because "All Kentucky, Federal Judges" and "Baptist East" are not listed in the caption of the complaint, they are not properly named defendants

853 F.2d 1351, 1356 (6th Cir. 1988) ("'There is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is.'") (quoting *In Re Union Leader Corp.*, 292 F.2d 381, 391 (1st Cir. 1961)) (alterations in *Easley* omitted). Consequently, the undersigned will proceed in its review of the complaint under § 1915(e).

### A. FISA

As grounds for filing this action, Plaintiff cites to three statutes under the Foreign Intelligence Surveillance Act ("FISA") – 50 U.S.C. §§ 1811, 1829, and 1844. Under § 1811, "notwithstanding any other law, the President, through the Attorney General, may authorize electronic surveillance without a court order under this subchapter to acquire foreign intelligence information for a period not to exceed fifteen calendar days following a declaration of war by the Congress." Under § 1829, [n]otwithstanding any other provision of law, the President, through the Attorney General, may authorize physical searches without a court order under this subchapter to acquire foreign intelligence information for a period not to exceed 15 calendar days following a declaration of war by the Congress." Finally, under § 1844, "[n]otwithstanding any other provision of law, the President, through the Attorney General, may authorize the use of a pen register or trap and trace device without a court order under this subchapter to acquire foreign intelligence information for a period not to exceed 15 calendar days following a declaration of war by Congress."

None of these statutes provide for any private cause of action. Moreover, Plaintiff does not allege that any of the Defendants used electronic surveillance or a pen register or trap and trace device or conducted physical searches on him. Rather, it appears that he may be citing

---

and are not parties to this action. *See, e.g.*, *Moder v. L.E. Meyers Co.*, 2008 WL 4763266, at *1 (W.D. Wis. Oct. 27, 2008) ("[T]he only defendants in a case are those named in the caption.").

these statutes because he wants surveillance and searches to be conducted on Defendants. Under either scenario, Plaintiff is not entitled to any relief under these statutes.

### B. *Whistleblower/retaliation*

In the caption of the complaint form, Plaintiff writes, "Whistle Blower Act retaliation is a crime." He does not cite to a specific statute, and there are several federal statutes prohibiting retaliation against whistleblowers. *See, e.g.*, 5 U.S.C. § 1221 (Whistleblower Protection Act); 31 U.S.C. § 3730(h) (False Claims Act); 33 U.S.C. § 1367(a) (Federal Water Pollution Control Act); 42 U.S.C. § 7622 (Clean Air Act); among others. None of these statutes would apply to the facts alleged by Plaintiff. Any whistleblower/retaliation claims will be dismissed.

### C. *"Discrimination 1964 Act Civil Rights"*

It is unclear to which statute Plaintiff is referring.[3] Nonetheless, Plaintiff does not allege any discrimination in his complaint. Therefore, dismissal of this claim is warranted.

### D. *Rules 8(a) and 12(b)(1)*

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." Plaintiff requested no relief in his complaint and fails to comply with the federal rules.

Additionally, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure

---

[3]The Civil Rights Act of 1964 ("CRA") guarantees equal voting rights by removing registration requirements and procedures biased against minorities, 42 U.S.C. § 1971(e); prohibits segregation or discrimination in places of public accommodation involved in interstate commerce, 42 U.S.C. § 2000a; deals with the desegregation of public schools, 42 U.S.C. § 2000c *et seq.*; mandates nondiscrimination in the distribution of funds under federally assisted programs, 42 U.S.C. § 2000d; and bans discrimination by trade unions, schools, or employers involved in interstate commerce or doing business with the federal government, 42 U.S.C. § 2000e *et seq.*

when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).  Plaintiff's allegations meet this standard.

For these reasons, the Court will dismiss this action by separate Order.

Date:

cc:	Plaintiff, *pro se*
4412.005